NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251140-U

NO. 4-25-1140

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DOUGLAS MICHAEL BOOLMAN, | ) | Appeal from the |
| Petitioner-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CHRISTINE A. POHL, | ) | No. 25OP2260 |
| Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Donald P. Shriver, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Lannerd and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court concluded that respondent (1) forfeited appellate review of her claim that petitioner failed to lay a proper foundation for the admission of a cell phone recording and (2) failed to establish that her due process rights were violated because she could not see the recording during the hearing on petitioner's petition for a no contact order.

¶ 2    Petitioner, Douglas Michael Boolman, filed a verified petition for a no contact order against respondent, Christine A. Pohl. During a hearing on the petition, petitioner played a video recording from a cell phone. Respondent did not object, and the trial court considered the recording. The court granted the petition, and respondent filed a posttrial motion, arguing the no contact order should be vacated because (1) no foundation was laid for the recording before it was played and (2) she could not see the recording during the hearing. The court denied the motion, and respondent appealed. We affirm.

¶ 3    I. BACKGROUND

¶ 4 Petitioner lived with Janet Rodriguez in a home next door to respondent's house. While they were neighbors, the parties had many disagreements about the property line between their homes, such as whether respondent could keep her garbage cans on the property line and whether petitioner could move the garbage cans to mow the area.

¶ 5 In the verified petition, which named petitioner and Rodriguez as protected parties, petitioner alleged respondent (1) set off car alarms and beat on her trash cans early in the morning to disturb and harass him and Rodriguez, (2) pushed a trash can against him and his mower while he was mowing the grass at the property line, (3) yelled violent and degrading things at him while he mowed his lawn, (4) threw rocks at his back and debris in front of the mower while he mowed the grass, and (5) refused to keep her garbage cans solely on her property. Petitioner asserted he had pictures and video recordings supporting his allegations.

¶ 6 At the hearing on the petition, respondent appeared via Zoom, and petitioner and Rodriguez appeared in the trial court. During the hearing, the following exchange occurred:

"[PETITIONER]: I, I have these numbered, but—there is—there's a bunch of videos on there; pictures of the trash can and dates and, and all of them show [respondent] accosting me.

(Whereupon a video was played in open court.)

MS. RODRIGUEZ: I, I had to hang up to call the police at that point and I couldn't tape any further.

[PETITIONER]: There's, there's a bunch of different videos. I, I had numbered one through six.

THE COURT: I saw [respondent] pick up something in the video and throw it at [petitioner].

MS. RODRIGUEZ: You can hear the rock hit [petitioner's] back.

THE COURT: All right. [Respondent], I'm going to show you this, as best I can.

[RESPONDENT]: Okay. I think I probably know what it is but it was [petitioner] putting a stick or throwing a stick my way and I threw one that direction; *I did not throw it at him. I can't see it.*

THE COURT: I can see it; you threw it at [petitioner].

[RESPONDENT]: I'm sorry.

THE COURT: I—your—

[RESPONDENT]: There's no way I threw it at [petitioner].

THE COURT: —I'm done. I saw it.

[RESPONDENT]: Okay." (Emphasis added.)

The video was not made part of the record on appeal.

¶ 7    The trial court granted petitioner's petition, ordering respondent to stay 25 feet away from petitioner and Rodriguez except under certain circumstances irrelevant to this appeal.

¶ 8    Within 30 days, respondent filed a posttrial motion, arguing, among other things, the no contact order should be vacated because the recording was not authenticated and she could not see the recording during the hearing. The trial court denied respondent's motion.

¶ 9    This appeal followed.

¶ 10                    II. ANALYSIS

¶ 11    On appeal, respondent, who proceeds *pro se*, argues the recording should not have been admitted because (1) a proper foundation for its admission was not laid and (2) she could not see the recording at the hearing. Putting aside the various problems with respondent's brief,

- 3 -

such as the fact that her argument contains no citations to the record and she fails to cite any authority that would aid this court in deciding this appeal (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), respondent's arguments fail.

¶ 12                              A. The Absence of an Appellee's Brief

¶ 13        In resolving this appeal, we observe petitioner, the appellee, did not file a brief. The supreme court has set forth three distinct discretionary options a reviewing court may exercise in the absence of an appellee's brief. See *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009). We may (1) serve as an advocate for the appellee and decide the case if we determine justice so requires; (2) decide the merits of the case when the record is simple and the issues can be easily decided without the aid of the appellee's brief; or (3) reverse the trial court when the appellant's brief—namely, in the present case, respondent—demonstrates *prima facie* reversible error that the record supports. *Id.* We will reverse the trial court only if respondent's brief establishes *prima facie* reversible error. " '*Prima facie*' means, '[a]t first sight; on first appearance but subject to further evidence or information' and '[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted.' " *Id.* (quoting Black's Law Dictionary 1228 (8th ed. 2004)). With this in mind, we now turn to the merits.

¶ 14        B. Respondent Forfeited Her Foundation Objection to Petitioner's Recording

¶ 15        Concerning respondent's lack of foundation argument, we note the forfeiture rule applies in cases involving the admission of a video recording. *People v. Woods*, 214 Ill. 2d 455, 470 (2005). Under the forfeiture rule, "both a trial objection and a written post-trial motion raising the issue are necessary to preserve an issue for review." *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Failure to do either results in forfeiture of the issue on appeal. *Id.* We review *de novo* whether an issue is forfeited. *People v. Gutierrez*, 2024 IL App (2d) 230260, ¶ 34.

¶ 16　　　　　Here, respondent never objected to the admission of the recording when it was played at the hearing. The requirement of a timely objection at the hearing was particularly necessary because the "lack of a timely and specific objection deprive[d] the [petitioner] of the opportunity to correct any deficiency in the foundational proof at the trial level." *Woods*, 214 Ill. 2d at 470. Respondent simply cannot sit idly by and stand mute when the recording is offered at the hearing and then object to its admission after the fact. See *id.* Accordingly, because respondent failed to make a timely objection at the hearing and does not raise an exception to forfeiture, such as the plain-error rule, we conclude she has forfeited appellate review of the issue of whether a proper foundation was laid for petitioner's video recording.

¶ 17　　　　　We reach this conclusion even though, technically, petitioner forfeited a forfeiture argument by failing to file a brief asserting it. However, it is well-settled that forfeiture is a limitation on the parties, not this court. *In re Amanda H.*, 2017 IL App (3d) 150164, ¶ 33. We choose to overlook the fact petitioner himself never raised forfeiture.

¶ 18　　　　　　　　　　　　C. Respondent Was Not Denied Due Process

¶ 19　　　　　Respondent's claim she could not see the recording in the trial court does not fare any better. In her brief, respondent argues she was denied due process because she could not see the recording at the hearing. To the extent the issue respondent raises is a due process claim, we review the issue *de novo*. See *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 410 (2009).

¶ 20　　　　　Putting aside whether respondent's argument can be construed as a procedural or substantive due process claim, we conclude that the record rebuts any contention she could not see the recording. See *People v. Phyfiher*, 361 Ill. App. 3d 881, 885 (2005) (concluding the record rebutted the defendant's due process claim). Reading the record as a whole, it is clear to

us that respondent's statement, "I can't see it," which was immediately preceded by her assertion, "I did not throw it at him," means not that the recording itself was unseen but that she did not see in the recording where she threw anything at petitioner. In other words, respondent took issue with the substance of the recording, not the visibility of it.

¶ 21 As noted, the recording was not made part of the record on appeal. Respondent, as the appellant, has the duty to provide us with a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a complete record, we resolve any doubts caused by an incomplete record against the appellant. *Id.* at 392. Accordingly, to the extent respondent claims the recording does not show her throwing something at petitioner, because the video recording is not in the record on appeal, we conclude it does, as the trial court found.

¶ 22 In conclusion, we determine that respondent failed to establish *prima facie* reversible error. First, she forfeited review of her claim the recording was improperly admitted because petitioner failed to lay a proper foundation. Second, we conclude the record rebuts respondent's argument that she was unable to perceive what was happening in the video when it was played at the hearing.

¶ 23 III. CONCLUSION

¶ 24 For the reasons stated, we affirm the trial court's judgment.

¶ 25 Affirmed.